## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AMIGOS DE TRES PALMAS, INC.**<br><br>Plaintiff<br><br>v.<br><br>**RINCON BROS 3 OZF, LLC; ARC ENGINEERING & CONSTRUCTION, INC.**<br><br>Defendants | CIVIL No: 3:25-cv-1326<br><br><br><br>RE: CLEAN WATER ACT |

## COMPLAINT

TO THE HONORABLE COURT:

NOW COMES plaintiff Amigos de Tres Palmas, Inc., duly represented by the undersigned attorney, and respectfully states, alleges, and prays as follows:

### JURISDICTION AND VENUE

1. This is a citizens' suit brought under Section 505 of the Federal Water Pollution Control Act (hereinafter CWA or the Act, 33 U.S.C. secs. 1251 *et. seq.*, as amended). Plaintiff seeks declaratory and injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for the defendants' repeated violation of Sections 301

and 404 of the Act. (33 U.S.C. secs. 1311, 1344)

2. This Court has subject matter jurisdiction over the claims outlined in this Complaint pursuant to Section 505(a)(1) of the Act. (33 U.S.C. sec. 1365(a)(1))

3. Venue is appropriate in the District Court of Puerto Rico pursuant to section 505(c)(1) of the Act (33 U.S.C. sec. 1365(c)(1)) because the source of the violation complained of is located within this District.

4. On April 15, 2025 plaintiff gave notice of the violation and its intent to file suit to the Administrator of the United States Environmental Protection Agency, the Administrator of the United States Environmental Protection Agency - Region II, the Secretary of the Puerto Rico Department of Natural and Environmental Resources, and the defendants under Section 505(b)(1)(A) of the Act (33 U.S.C. sec. 1365(b)(1)(A)) and 40 CFR 135.

5. More than sixty (60) days have passed since notice was served. To the best of the plaintiff's knowledge, neither the United States Environmental Protection Agency (EPA) nor the Puerto Rico Department of Natural and Environmental Resources (DNER) has commenced and is diligently prosecuting a civil or criminal action in court to redress the violations. In addition, neither EPA nor DNER commenced and diligently prosecuted an administrative action under Section 309 (33 U.S.C. sec. 1319) of the Act or under a comparable Puerto Rico law to redress the violations before the issuance of the notice

letter.

## THE PARTIES

6. Plaintiff Amigos de Tres Palmas, Inc. (ATP) is a non-profit membership corporation organized under the laws of the Commonwealth of Puerto Rico. ATP's mission is to protect, conserve, and restore the natural resources and ecosystems of the Tres Palmas Marine Reserve and the municipality of Rincón.

7. Defendant Rincon Bros 3 OZF, LLC, is a limited liability corporation organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant Arc Engineering & Construction, Inc. is a corporation organized under the laws of the Commonwealth of Puerto Rico.

## ALLEGATIONS

9. On March 29, 2022, Puerto Rico's Permits Management Office (OGPe) issued construction permit number 2022- 428874-PCOC-023759, authorizing the construction of three living units on a lot located in barrio Puntas, Rincón. Rincon Bros 3 OZF, LLC owns the lot and the units built under that permit. The CRIM number of the property is 095-020-002-84.

10. Construction of this project has been ongoing for the past two years

Complaint
Page -4-

and continues as of the date of this complaint. Construction has been carried out by Arc Engineering & Construction Inc. Rincon Bros 3 OZF, LLC is the owner, and Arc Engineering & Construction, Inc. is the operator of this site.

11. During rain events, runoff from the construction site carrying rocks, sand, soil, and construction debris (hereinafter fill material) discharges into a creek, identified as "rehoya" in a document entitled in Spanish "Plano de Mesura y Topografía de un Predio Propiedad de Rincon Bros 3 OZF, LLC." This material has been accumulating in the creek since construction began more than two years ago, and as of this date, it remains in the creek

12. Since the construction began, this fill material has accumulated along the creek's bed, polluting it, changing the bottom elevation, and reducing its carrying capacity. This reduced capacity has caused overflows in the creek, resulting in discharges and flooding in the surrounding areas and properties, with water polluted by fill material.

13. The flood with polluted water reaches the homes and properties of ATP's members, causing inconveniences and forcing some of them to build defenses to try to keep the water out of their properties. Some members also have to clean up after the flooding to remove the dirt from their properties.

14. The flood with polluted water reaches the road and accumulates dirt on the pavement, causing unsafe driving conditions for ATP's members.

15. This creek eventually discharges into the Atlantic Ocean in an area known as Playa Escondida, where it discharges the dirt, causing a plume of polluted water on the beach. This plume affects the aesthetics and ecology of the area and its use and enjoyment by ATP's members

16. ATP members are affected by the discharge of this fill material into navigable waters. The proprietary, aesthetic, and environmental interests of ATP and its members have been, are being, and will be adversely affected by the defendants' illegal discharge of fill material into the creek.

**CLAIM FOR RELIEF**

17. Plaintiffs reallege, and set forth here in full, paragraphs one (1) through sixteen (16) of the present Complaint.

18. Section 301(a) of the Act (33 U.S.C. sec. 1311(a)) prohibits the discharge of any pollutant into navigable waters of the United States, unless in compliance with various enumerated sections of the Act. Among other things, Section 301(a) prohibits such discharges in violation of Section 404 of the Act. (33 U.S.C. sec. 1344)

19. Section 404(a) and (d) of the Act (33 U.S.C. sec. 1344(a), (d)) provides that the Secretary of the Army, acting through the Chief of Engineers, may issue permits, after notice and opportunity for public hearing,

for the discharge of fill material into the navigable waters at specified disposal sites.

20. The discharge of fill material in the creek by the defendants is a discharge into navigable waters that requires a permit from the Chief of Engineers under section 404 of the Act. (33 U.S.C. sec. 1344)

21. The defendants have never applied and have not received a permit from the Chief of Engineers of the U.S. Army Corps of Engineers for the discharge of fill material.

22. Section 505(a) of the Act (33 U.S.C. secs. 1365(a)) allows the court to impose civil penalties under section 309(d) for the violation of the Act. (33 U.S.C. sec. 1319(d))

23. Section 309(d) of the Act (33 U.S.C. sec. 1319(d)) provides in pertinent part: "Any person who violates sec. 301 . . . of this Act . . . shall be subject to a civil penalty not to exceed $25,000 per day of such violation."

24. The discharge of fill material without a permit is a continuous violation of the Act. Therefore, this violation has occurred every day until today since the discharge of the fill, and continues as long as it remains in the creek

25. The discharge of fill material in the Creek without a permit constitutes a violation of Section 301 of the Act (33 U.S.C. sec. 1311), making

defendants liable for a civil penalty up to $25,000 for each day of such violation.

**WHEREFORE**, plaintiffs hereby pray that judgment be entered against the defendants as follows:

A. Declare the defendants to have violated and to be in violation of Sections 301 and 404 of the Act (33 U.S.C. secs. 1311, 1344);

B. Enjoin the defendants from further discharges of fill material into the navigable waters of the United States without first obtaining a permit from the Chief of Engineers;

C. Order the defendants to remove all fill material illegally discharged.

D. Order the defendants to pay appropriate civil penalties of up to $25,000.00 per day for each day the unlawfully discharged material has been in navigable waters of the United States;

E. Award plaintiff costs (including reasonable attorney, witness, and consultant fees) as authorized by Section 505(d) of the Act (33 U.S.C. secs. 1365(d)); and

F. Award such other relief as the court deems appropriate.

**RESPECTFULLY SUBMITTED**.
In Quebradillas, Puerto Rico, this 17th day of June 2025.

```
                                        Complaint
                                        Page -8-
```

s/Miguel Sarriera-Román
Miguel Sarriera-Román, Esq.
USDC-PR 207714
Attorney for Plaintiff
Miguel Sarriera-Román Law Office
1104 Calle San Miguel
Quebradillas, PR. 00678-2803
Phone: (787) 630-8319
email: miguelsarriera@yahoo.com